THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| CHANEL, INC., a New York Corporation, | ) ) ) | Case No. 09-cv-20368-GRAHAM-Torres |
| Plaintiff, | ) ) | **STIPULATED CONSENT PERMANENT INJUNCTION** |
| v. | ) ) | |
| SOON AE BACK, et al. | ) ) ) | |
| Defendants. | ) ) ) | |

WHEREAS, this action having been commenced by the Plaintiff, Chanel, Inc., a New York corporation ("Chanel") against the Defendants, Soon Ae Back a/k/a Sue Back a/k/a Sue A Back ("Back"), an individual, and Brilliant, Inc., a Florida corporation, individually and jointly, d/b/a Brilliant d/b/a Brilliant Jewelry d/b/a Brillant d/b/a BrilliantUSA (collectively the "Defendants"), alleging *inter alia*, trademark counterfeiting, trademark infringement, and false designation, and the Court having entered an Order granting Plaintiff's Motion for Summary (DE 35) finding the Defendants liable on all Counts of Plaintiff's Complaint, the Plaintiff and the Defendants hereby stipulate to entry of a Permanent Injunction against the Defendants in full resolution of this matter;

IT IS STIPULATED, ORDERED, ADJUDGED AND DECREED:

1. This Court has jurisdiction of the subject matter of all Counts of this action and over the named parties hereto.

2. Chanel is the owner of the following trademarks (the "Chanel Marks") in connection with costume jewelry, bracelets, necklaces, rings, and earrings and other goods:

| Mark | Registration No. | Registration Date |
|------|------------------|-------------------|
| **CHANEL** | 0,612,169 | September 13, 1955 |
| CHANEL | 0,902,190 | November 10, 1970 |
| COCO | 0,959,349 | May 22, 1973 |
| (CC logo) | 1,501,898 | August 30, 1988 |
| CHANEL | 3,133,139 | August 22, 2006 |
| NO. 5 | 3,149,203 | September 26, 2006 |

which are registered in International Class 14 and are used in connection with manufacture and distribution of, among other things, bracelets, necklaces, rings, and earrings.

3. The Defendants and their respective officers, agents, servants, employees, and all persons in active concert and participation with them are hereby permanently restrained and enjoined from intentionally and/or knowingly:

    A.    manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing the Chanel Marks;

    B.    using the Chanel Marks in connection with the sale of any unauthorized goods;

    C.    using any logo and/or layout which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff;

    D.    falsely representing itself as being connected with the Plaintiff, through sponsorship or association;

    E.    engaging in any act which is likely to falsely cause members of the trade

        and/or of the purchasing public to believe any goods or services of the Defendants, are in any way endorsed by, approved by and/or associated with the Plaintiff;

F.    using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, quality bracelets, necklaces, rings, and earrings;

G.    affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including, words or other symbols tending to falsely describe or represent the Defendants' goods as being those of the Plaintiff, or in any way endorsed by the Plaintiff;

H.    offering such goods in commerce; and from otherwise unfairly competing with the Plaintiff;

I.    secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Chanel Marks; and

  J. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set for in subparagraphs (A) through (I).

6. Any party shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof.  The prevailing party in any such proceeding shall be entitled to recover its attorney's fees and costs.

7. Plaintiff's claim for damages and this cause between the Plaintiff and the Defendants are hereby dismissed without prejudice.

9. The parties' respective attorney's fees and costs incurred in connection with this action shall be borne respectively by the individual parties.

10. Any products bearing the Chanel Marks at issue in this proceeding currently in the possession of the Defendants will be turned over to Plaintiff's counsel for destruction at the Plaintiff's instruction.

11. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Stipulated Consent Permanent Injunction.

 SO ORDERED this  2d  day of    December    , 2011.

            _____
            EDWIN G. TORRES
            United States Magistrate Judge

Copies to:
All counsel of record